

FILED

JAN 31 2006

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| FRANK DANIEL LINAREZ, ) | No. 4-05-bk-02714-JMM |
| ) | |
| Debtor. ) | Adversary No. 4-05-ap-00191-JMM |
| ) | |
| JUDITH HUNT, ) | **MEMORANDUM DECISION** |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| FRANK DANIEL LINAREZ, ) | |
| ) | |
| Defendant. ) | |

The above-entitled adversary came on for hearing on January 31, 2006. The Plaintiff was represented by Bruce D. Bridegroom; the Defendant was represented by Alan R. Solot. After considering the evidence, the court now rules.

## JURISDICTION

This is a core proceeding over which the court has jurisdiction.

h:\wp\orders\

## ISSUE

Should the Debtor/Defendant be denied a discharge, pursuant to 11 U.S.C. § 727(a)(2), for transferring or concealing property within one year of the date of filing of the petition?

## FACTS

1. The Defendant filed a chapter 7 petition on May 16, 2005.

2. Except for a timeshare[1] ownership in Scottsdale, which the Defendant lists as having a value of $16,000, the rest of the Defendant's assets are either exempt or encumbered.

3. The Plaintiff in this action, Judith Hunt, is listed on the Defendant's schedules of unsecured debts as having a disputed claim of $36,783.20, which was the subject of a lawsuit.

4. The Defendant's income is principally from Social Security disability ($1,833), a small pension ($164), and miscellaneous "industrial" income ($119). He is disabled and unemployed.

5. The Defendant's monthly expenses total $2,065, which includes monthly support payments to dependents of $459.

6. The dispute in this case is whether the Defendant listed all of his interest in valuable tools.[2]

7. As for the instant dispute, the Defendant listed that he held a mixer and scaffolding trailer for another, Robert Linarez (Statement of Financial Affairs #14).

---

[1] The Defendant's schedules reflect that the Defendant owns this jointly with the Plaintiff herein, Judith Hunt.

[2] The Defendant's Statement of Financial Affairs lists a theft of tools on December 1, 2004, for which there was no insurance coverage, worth $3,000 (Statement of Financial Affairs #8). At trial, the Defendant testified that he believed the value was $6,000.

8. The items at issue in this action concern:

    A. Cement mixer;

    B. Electric saws;

    C. Drywall equipment;

    D. Scaffolding; and

    E. "A substantial amount of other tools and materials in 3 different storage areas."

9. The cement mixer is listed on the Defendant's schedules as being held for his brother, Robert "Jimmy" Linarez. In any event, it has a value of $300. The court finds that the Defendant did not conceal this item.

10. As for the electric saws, the Defendant testified that he owned a single skil-saw at the time of filing. The Plaintiff was unable to controvert this testimony, and the court therefore finds that the Defendant did not conceal this item.

11. As for the "drywall equipment," the Plaintiff was unspecific and vague as to what this equipment consisted of, or of its value. The Defendant testified that he had sold or given away tools, pre-bankruptcy, or that there had been a theft in December, 2004. Insufficient evidence was offered by the Plaintiff to cause the court to doubt the Defendant's explanation. In any event, the Defendant testified these were worth only $30 to $50.

12. Scaffolding was listed on the Defendant's schedules as being held for his brother, to whom he had given equipment in 2003 when he settled a lawsuit with him (See Ex. 1). The Defendant also testified that any scaffolding presently owned by him "doesn't match" and is of minimal value.

13. As for other tools in "three different storage areas," the Defendant and Plaintiff testified only to one storage area, which was either closed and moved to the father's workshop, where it was later stolen or sold to another's concrete business.

14. The Defendant's testimony was credible.

# THE LAW

The burden of proving a ground for objection to discharge is on the objector. See § 727; FED. R. BANKR. P. 4005. A plaintiff must establish the allegations in an action under § 727(a) by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 284, 111 S.Ct. 654 (1991); *In re Cox,* 41 F.3d 1294, 1297 (9th Cir. 1994). Objections to discharge under § 727 are to be literally and strictly construed against the creditor and liberally in favor of the debtor. *In re Bodenstein,* 168 BR. 23, 27 (Bankr. E.D.N.Y. 1994). See *In re Cox,* 41 F.3d 1294, 1297 (9th Cir. 1994); *In re Adeeb,* 787 F.2d 1339, 1342 (9th Cir. 1986); *In re Devers,* 759 F.2d 751 (9th Cir. 1985); *In re Hoflund,* 163 BR. 879, 882 (Bankr. N.D. Fla. 1993).

Section 727(a)(2)(A) states that the court shall grant the debtor a discharge unless "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed - property of the debtor, within one year before the date of the filing of the petition."

Accordingly, discharge of debts may be denied under § 727(a)(2)(A) only upon a finding of actual intent to hinder, delay, or defraud creditors. Constructive fraudulent intent cannot be the basis for denial of a discharge. However, intent "may be established by circumstantial evidence, or by inferences drawn from a course of conduct." *Adeeb,* 787 F.2d at 1342-43.

The fact that the property transferred or concealed is of small value, however, tends to negate fraudulent intent. *Baker v. Mereshian (In re Mereshian),* 200 B.R. 342 (9th Cir. BAP 1996).

Case 4:05-ap-00191-JMM    Doc 16    Filed 01/31/06    Entered 01/31/06 16:20:35    Desc
Main Document    Page 4 of 6

## APPLICATION OF LAW TO THE FACTS

Ms. Hunt, the Plaintiff, failed to carry her burden of proof. Her testimony, while sincere, nevertheless did not give the court the necessary detail as to specific tools or their values, which is required to effectively cause a denial of the Defendant's discharge.

The Defendant, on the other hand, adequately explained what had happened to tools he once owned: some were stolen, some were sold, and some were given away either to his brother, Jimmy, or to Howard Horowitz. Moreover, the theft was listed in the Defendant's schedules, and his mother, Beatrice Linarez, confirmed this fact and the date of the break-in.

## RULING

The Plaintiff having failed to prove her case by a preponderance of the evidence, the court must therefore dismiss her complaint. The Debtor/Defendant shall be granted a discharge. A separate judgment shall be entered.

DATED: January 31, 2006.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

1  COPIES served as indicated below:

2  Alan R. Solot
   Tilton & Solot
3  459 N. Granada Ave.
   Tucson, AZ 85701
4  01/31/06 Email arsolot@tiltonandsolot.com

5  Bruce D. Bridegroom
   Bridegroom & Hayes
6  1656 N. Columbus Blvd.
   Tucson, AZ 85712
7  01/31/06 Email bridegroomhayes@ultrasw.com

8  Daniel Dominguez
   Chapter 7 Trustee
9  2210 N. Indian Ruins Road
   Tucson, AZ 85715
10 02/01/06 U.S. Mail

11 Office of the United States Trustee
   230 North First Avenue, Suite 204
12 Phoenix, AZ 85003-1706
   02/01/06 U.S. Mail

13

14 By *MBThompson*
15    Judicial Assistant